UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAMON TURNEY, Derivatively on Behalf of STERICYCLE, INC., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 18-cv-5186 |
| v. | ) ) | Judge Sharon Johnson Coleman |
| MARK C. MILLER et al., | ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| STERICYCLE, INC. | ) ) | |
| Nominal Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Damon Turney brings this shareholder derivative complaint against certain current and past members of the Board of Directors (the defendants) on behalf of the nominal defendant Stericycle, Inc. for breaches of fiduciary duty and unjust enrichment. Currently before the Court is the defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons explained below, the defendants' motion is granted.

**Background**

The following facts are taken from Turney's complaint and are accepted as true for the purpose of deciding this motion. Turney is a current shareholder of Stericycle common stock and a citizen of New York. Stericycle is a waste disposal corporation with its headquarters in Illinois. The defendants in this case consist of: Charles Alutto, Frank J.M. ten Brink, Daniel Ginnetti, Mark

1

Miller, Jack Schuler, Thomas Brown, Rodney Dammeyer, William Hall, Jonathan Lord, John Patience, Mike Zafirovski, Lynn Bleil, Thomas Chen, Richard Kogler, Joseph Arnold, and Ronald Spaeth. Each of the defendants are either past or current Officers or members of the Board of Directors.

Stericycle provides medical waste disposal services to "large quantity customers," such as hospitals, as well as "small quantity customers," such as dental offices and pharmacies. Stericycle has a standard service agreement with its small quantity customers that provides for fixed subscription fees for a period of one to five years. Each contract allows for price increases only to account for operational expenses in order to comply with changes in the law; or to cover increased costs incurred by Stericycle.

According to the complaint, Stericycle began to routinely increase the rates without notice to its small quantity customers in order to meet revenue projections. Turney alleges that Stericycle's executives were aware of this due to the Vice President urging the company to discontinue this practice in 2006. This practice of "automated price increases" led to a class action settlement as well as a settlement with the Attorney General of New York in 2012 based on a *qui tam* lawsuit under the False Claims Act.

*Statement of Stericycle's Financial Health*

Turney alleges that beginning in February 2013, the defendants made false statements in its press releases about the financial health of Stericycle. Specifically, the defendants released information about revenue and profit growth, but, according to Turney, did not disclose that this growth was due in large part to its illegal automated price increases. Turney alleges that the false statements and misinformation continued on its "10-K" reports about revenue growth for 2013 and 2014.

In October 2015, Stericycle management reported lower than expected growth and revenue for the third quarter of 2015. Although management attributed this to lower hazardous waste volume from its customers, Turney asserts that the decrease in revenue was the result of customer attrition following the automated price increase "scheme." This resulted in a 19% decline in the price per share of Stericycle's common stock. In February 2016, the defendants released information concerning the 2015 fiscal year that reported domestic as well as international revenue growth. The defendants also announced that it agreed to pay 28.5 million dollars to settle a whistleblower claim for government customers. In April 2016, the defendants reported that the first quarter of 2016 sales fell below expectations. This resulted in the price per share declining 21.5%.

Finally, Turney alleges that defendants Alutto, ten Brink, Ginnetti, Miller, Schuler, Dammeyer, Hall, Lord, Patience, Spaeth, Kogler, and Arnold took advantage of non-public adverse information about Stericycle's automated pricing systems to sell a combined 986,418 shares of Stericycle stock for 114 million dollars during the relevant period.

On October 14, 2016, Turney submitted a derivative demand ("Demand Letter") to Stericycle's Board to take legal action against the individual officers responsible for damaging Stericycle. After the Board retained independent counsel, it sent Turney a letter stating that it would not proceed with a civil action against any of Stericycle's current or former officers, employees, or directors as stated in the Demand Letter.

Turney then brought this suit against the defendants alleging bad faith on the part of the Board. In Count I, Turney alleges breach of fiduciary duty. In Count II, Turney asserts a claim of unjust enrichment. In Count III, Turney alleges insider trading and breach of fiduciary duty for insider trading.

3

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. To overcome a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), and raises the right to relief above a speculative level, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012).

**Discussion**

The defendants move to dismiss Turney's complaint because (1) Stericycle's bylaws contain a forum-selection clause for litigation to be handled exclusively in the Chancery Court of Delaware, (2) Turney fails to plead that her Demand was wrongfully refused, and (3) Turney's complaint fails to state a claim under Rule 12(b)(6).

Courts use the doctrine of *forum non conveniens* when enforcing a forum-selection clause. *See Mueller v. Apple Leisure Corporation*, 880 F.3d 890, 894 (7th Cir. 2018). Forum-selection clauses control except in unusual circumstances. *Id.* (citing *Atlantic Marine Const. Co., Inc., v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 64, 134 S.Ct. 568, 582, 187 L.Ed.2d 487 (2013)). The party opposing the forum-selection clause has the burden to establish that transfer is unwarranted. *Atlantic Marine Const. Co., Inc.*, 571 U.S. at 64, 134 S.Ct. at 582.

When determining the validity of the forum-selection clause, courts should look to the law of the jurisdiction that will govern the dispute. *See IFC Credit Corp. v. United Business & Indus. Federal Credit Union*, 512 F.3d 989, 991 (7th Cir. 2008). Under Delaware law, a forum-selection clause adopted by a corporation's bylaws is valid and enforceable to the same extent as other contractual

4

forum-selections clauses. *See Boilermakers Local 154 Retirement Fund v. Chevron Corp.*, 73 A.3d 934, 940 (Del. Ch. 2013).

In this case, section 9.1 of Stericycle's bylaws reads in relevant part:

> Unless a majority of the board of directions, acting on behalf of the Corporation, consents in writing to the selection of an alternative form . . ., the Court of Chancery of the State of Delaware . . . shall be the sole and exclusive forum for (a) any derivative action or proceeding brought on behalf of the Corporation, (b) any action asserting a claim of breach of fiduciary duty owed by any director, officer or other employee of the Corporation to the Corporation or the Corporation's stockholders, [or] (c) any action asserting a claim against the Corporation or any of its directors, officer or other employees . . . .

Dkt. 27-1 at 39-40.

Turney does not dispute the validity of Stericycle's forum-selection clause. Instead, Turney contends that the Board consented to Illinois jurisdiction when it executed an order staying litigation in a separate case that was brought against it in the Circuit Court of Cook County. *See Shah v. Charles A. Alutto et al.*, 2017 CH 03062. However, Turney provides no legal authority, in Delaware or anywhere else, that a party waives its right to enforce its forum-selection clause by agreeing to stay litigation in a certain state. To the contrary, a plain reading of Stericycle's bylaws demonstrates that the Board, on behalf of Stericycle, must consent in writing to this specific cause of action in order to waive the right to enforce the forum-selection clause. Finding waiver in this case would be inappropriate considering the strong presumption of the enforceability. An agreed order to stay litigation, even more in the Circuit Court of Cook County, is a far cry from waiving the right to enforce the corporation's forum-selection clause. As Turney provides no such writing, Stericycle's clause mandating that all derivative actions be brought in the Chancery Court of Delaware is valid and enforceable. Accordingly, Turney's complaint must be dismissed. The Court need not address the defendants' other arguments.

**Conclusion**

For the reasons explained below, the Board's motion to dismiss is granted. This case is dismissed with prejudice.

**IT IS SO ORDERED.**

Date: 8/13/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge